United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KOFI OPONG-MENSAH,                    No. C-97-4541 MMC

12          Plaintiff,                     **ORDER GRANTING IN PART AND
                                           DENIING IN PART PLAINTIFF'S**
13     v.                                  **"MOTION FOR ACCOUNTING ON
                                           SATISFACTION OF JUDGMENT";**
14   TERRY JACKSON and THE STATE OF        **VACATING HEARING**
     CALIFORNIA DEPARTMENT OF FOOD
15   AND AGRICULTURE,                      (Docket No. 162)

16          Defendants.

17   _____/

18

19          Before the Court is plaintiff's "Motion for Accounting on Satisfaction of Judgment,"

20   filed November 29, 2006.  Defendants have filed opposition; plaintiff has filed a reply.

21   Having considered the papers filed in support of and in opposition to the motion, the Court

22   finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b),

23   hereby VACATES the January 19, 2007 hearing, and rules as follows.

24          On July 14, 1999, in the above-titled action, the Court granted summary judgment in

25   favor of defendants and, on September 9, 1999, awarded defendants their costs in the

26   amount of $11,993.69.  (See Opong-Mensah Decl. Ex. 3 at 2.)  Thereafter, defendants filed

27   an abstract of judgment with the Contra Costa County Recorders' Officer.  (See id. Ex. 2.)

28   On October 20, 2003, Old Republic Title Company ("Old Republic"), apparently in

     connection with a property sale by plaintiff, sent a form to defendants, notifying them that it

1    intended to satisfy the judgment upon close of escrow and asking defendants to state the

2    amount of their demand.  (See id. Ex. 3 at 1.)  Defendants responded that the principal

3    amount due was $15,000, (see id.), and on November 18, 2003, Old Republic paid

4    defendants the sum of $15,000 in satisfaction of the judgment against plaintiff, (see id.

5    Ex. 4).

6         Plaintiff now seeks an accounting from defendants of the difference between the

7    $11,993.69 in costs awarded to defendants in the instant action on September 9, 1999,

8    (see id. Ex. 3 at 2), and the $15,000 paid to defendants by Old Republic in satisfaction of

9    judgment.  Plaintiff further seeks "the sum of $15,000," "the costs of the suit herein

10   incurred," and "attorneys fees."  (See Motion at 3.)

11        Plaintiff's motion arises from a misunderstanding of the dollar amount he was

12   ordered to pay defendants in the instant action.  In particular, plaintiff fails to recognize that

13   in addition to being ordered to pay the above-referenced costs to defendants, he was also

14   ordered to pay sanctions to defendants in the amount of $3220.[1]  (See Order Re: Discovery

15   Sanctions, filed March 22, 1999, at 2.)  Consequently, the total amount plaintiff was

16   ordered to pay defendants, exclusive of post-judgment interest, was $15,213.69

17   ($11,993.69 in costs plus $3220 in sanctions).  Plaintiff has not demonstrated that

18   defendants' collection of $15,000 as satisfaction of judgment was inappropriate.  As a

19   result, plaintiff is not entitled to recover the $15,000 sum paid in satisfaction of judgment,

20   nor has he established a right to costs or attorneys' fees incurred in bringing the instant

21   motion.

22        Accordingly, for the reasons set forth above, plaintiff's motion is hereby GRANTED

23   in part and DENIED in part:

24        1.  To the extent plaintiff seek an accounting, the motion is GRANTED.  The

25

26        [1] Although the Clerk excluded the sanctions from defendants' bill of costs because
     such amount was "[o]utside [the] ambit of costs allowed under Civil L.R. 54-3 and 28 U.S.C.
27   § 1920," (see Opong-Mensah Decl. Ex. 3 at 2), such action did not vacate the Court's order
     imposing the sanctions.  Thus, although defendants were not entitled to recover the
28   sanctions as costs, plaintiff nonetheless was required to pay $3220 to defendants as
     sanctions.

1   requested accounting is set forth herein; defendant need not take any additional action in

2   response to the instant order.

3         2. To the extent plaintiff seeks to recover the $15,000 sum paid in satisfaction of

4   judgment, and to recover costs and attorneys' fees, the motion is DENIED.

5         This order terminates Docket No. 162.

6         **IT IS SO ORDERED.**

7   Dated: January 11, 2007

8                                                  MAXINE M. CHESNEY
                                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28